UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CV-80232-MARRA/JOHNSON

JANE DOE NO. 3,

        Plaintiff,

vs.

JEFFREY EPSTEIN,

        Defendant.
_____/

## SECOND AMENDED COMPLAINT

Plaintiff, Jane Doe No.3 ("Jane" or "Jane Doe"), brings this Complaint against Jeffrey Epstein, as follows:

### Parties, Jurisdiction and Venue

1. Jane Doe is a citizen and resident of the State of Florida, and is sui juris.

2. This Complaint is brought under a fictitious name to protect the identity of the Plaintiff because this Complaint makes sensitive allegations of sexual assault and abuse upon her when she was a minor.

3. Defendant Jeffrey Epstein is a citizen and resident of the State of New York.

4. This is an action for damages in excess of $50 million.

5. This Court has jurisdiction of this action and the claims set forth herein pursuant to 28 U.S.C. §1332(a), as the matter in controversy (i) exceeds $75,000, exclusive of interest and costs; and (ii) is between citizens of different states.

6. This Court has venue of this action pursuant to 28 U.S.C. §1391(a) as a substantial part of the events or omissions giving rise to the claim occurred in this District.

- 1 -

**Factual Allegations**

7. At all relevant times, Defendant Jeffrey Epstein ("Epstein") was an adult male, 52 years old. Epstein is a financier and money manager with a secret clientele limited exclusively to billionaires. He is himself a man of tremendous wealth, power and influence. He maintains his principal home in New York and also owns residences in New Mexico, St. Thomas and Palm Beach, FL. The allegations herein concern Epstein's conduct while at his lavish estate in Palm Beach.

8. Upon information and belief, Epstein has a sexual preference and obsession for underage minor girls. He engaged in a plan and scheme in which he gained access to primarily economically disadvantaged minor girls in his home, sexually assaulted these girls, and then gave them money. In or about 2004-2005, Jane Doe, then 16 years old, fell into Epstein's trap and became one of his victims.

9. Upon information and belief, Jeffrey Epstein carried out his scheme and assaulted girls in Florida, New York and on his private island, known as Little St. James, in St. Thomas.

10. An integral player in Epstein's Florida scheme was Haley Robson, a Palm Beach Community College student from Loxahatchee, Florida. She recruited girls ostensibly to give a wealthy man a massage for monetary compensation in his Palm Beach mansion. Under Epstein's plan, Ms. Robson would be contacted when Epstein was planning to be at his Palm Beach residence or soon after he had arrived there. Epstein or someone on his behalf directed Ms. Robson to bring one or more underage girls to the residence. Ms. Robson, upon information and belief, generally sought out economically disadvantaged underage girls from Loxahatchee and surrounding areas who would be enticed by the money being offered - generally $200 to $300 per "massage" session - and who were perceived as less likely to complain to authorities or have credibility if allegations of improper conduct were made. This was an important element of Epstein's plan.

11. Epstein's plan and scheme reflected a particular pattern and method. Upon arrival at Epstein's mansion, the victim would be brought to the kitchen. She would then be led up a flight of stairs to a bedroom that contained a massage table in addition to other furnishings. Once the girl was alone in this room, Epstein would enter wearing only a towel to cover his private area. He then would lay down on the massage table and perform one or more lewd, lascivious and sexual acts, including masturbation and touching the girl sexually.

12. Consistent with the foregoing plan and scheme, Ms. Robson recruited Jane Doe to give Epstein a massage for monetary compensation. Ms. Robson brought Jane to Epstein's mansion in Palm Beach. Jane was led up the flight of stairs to the room with the massage table. She was alone in the room when Epstein arrived wearing a towel to cover his private parts. He laid down on the massage table, and sexually assaulted Jane Doe during the massage. In addition, Jeffrey Epstein masturbated during the massage.

13. After Epstein had completed the assault, he left the room. Jane was then able to leave the room and go back down the stairs. She then met Ms. Robson again who brought Jane home. Jane was paid $200 by Epstein. Ms. Robson was also paid by Epstein for bringing Jane to him.

14. As a result of this encounter with Epstein, the 16-year old Jane experienced trauma, shock, confusion, shame, humiliation and embarrassment.

## COUNT I
## Sexual Assault and Battery

15. Plaintiff Jane Doe repeats and realleges paragraphs 1 through 14 above.

16. Epstein acted with intent to cause an offensive contact with Jane Doe, or an imminent apprehension of such a contact, and Jane Doe was thereby put in such imminent apprehension.

17. Epstein made an intentional, unlawful offer of offensive sexual contact toward Jane

- 3 -

- 4 -

Doe, creating a reasonable fear of imminent peril.

18. Epstein intentionally inflicted harmful or offensive contact on the person of Jane Doe, with the intent to cause such contact or the apprehension that such contact is imminent.

19. Epstein tortiously committed a sexual assault and battery on Jane Doe. Epstein's acts were intentional, unlawful, offensive and harmful.

20. Epstein's plan and scheme in which he committed such acts upon Jane Doe were done willfully and maliciously.

21. As a direct and proximate result of Epstein's assault on Jane, she has suffered and will continue to suffer severe and permanent traumatic injuries, including mental, psychological and emotional damages.

WHEREFORE, Plaintiff Jane Doe No. 3 demands judgment against Defendant Jeffrey Epstein for compensatory damages, punitive damages, costs, and such other and further relief as this Court deems just and proper.

## COUNT II
### Intentional Infliction of Emotional Distress

22. Plaintiff Jane Doe repeats and realleges paragraphs 1 through 14 above.

23. Epstein's conduct was intentional or reckless.

24. Epstein's conduct with a minor was extreme and outrageous, going beyond all bounds of decency.

25. Epstein committed willful acts of child sexual abuse on Jane Doe. These acts resulted in mental or sexual injury to Jane Doe, that caused or were likely to cause Jane Doe's mental or emotional health to be significantly impaired.

26. Epstein's conduct caused severe emotional distress to Jane Doe. Epstein knew or had

reason to know that his intentional and outrageous conduct would cause emotional distress and damage to Jane Doe, or Epstein acted with reckless disregard of the high probability of causing severe emotional distress to Jane Doe.

27. As a direct and proximate result of Epstein's intentional or reckless conduct, Jane Doe, has suffered and will continue to suffer severe mental anguish and pain.

WHEREFORE, Plaintiff Jane Doe No. 3 demands judgment against Defendant Jeffrey Epstein for compensatory damages, costs, punitive damages, and such other and further relief as this Court deems just and proper.

## COUNT III
### Coercion and Enticement to Sexual Activity in Violation of 18 U.S.C. §2422

28. Plaintiff Jane Doe repeats and realleges paragraphs 1 through 14 above.

29. Epstein used a facility or means of interstate commerce to knowingly persuade, induce or entice Jane Doe, when she was under the age of 18 years, to engage in prostitution or sexual activity for which any person can be charged with a criminal offense.

30. On June 30, 2008, Epstein entered a plea of guilty to violations of Florida §§ 796.07 and 796.03, in the 15th Judicial Circuit in and for Palm Beach County (Case nos. 2008-cf-009381AXXXMB and 2006-cf-009454AXXXMB), for conduct involving the same plan and scheme as alleged herein.

31. As to Plaintiff Jane Doe, Epstein could have been charged with criminal violations of Florida Statute §796.07(2) (including subsections (c), (d), (e), (f), (g), and (h) thereof), and other criminal offenses including violations of Florida Statutes §§ 798.02 and 800.04 (including subsections (5), (6) and (7) thereof).

32. Epstein's acts and conduct are in violation of 18 U.S.C. §2422.

33. As a result of Epstein's violation of 18 U.S.C. §2422, Plaintiff has suffered personal injury, including mental, psychological and emotional damages.

34. Plaintiff hired Herman & Mermelstein, P.A., in this matter and agreed to pay them a reasonable attorneys' fee.

WHEREFORE, Plaintiff Jane Doe No. 3 demands judgment against Defendant Jeffrey Epstein for all damages available under 18 U.S.C. §2255(a), including without limitation, actual and compensatory damages, costs of suit, and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial in this action on all claims so triable.

Dated: February 27, 2009

        Respectfully submitted,

By: s/ Adam D. Horowitz            .
Stuart S. Mermelstein (FL Bar No. 947245)
ssm@sexabuseattorney.com
Adam D. Horowitz (FL Bar No. 376980)
ahorowitz@sexabuseattorney.com
MERMELSTEIN & HOROWITZ, P.A.
*Attorneys for Plaintiff*
18205 Biscayne Blvd., Suite 2218
Miami, Florida 33160
Tel: 305-931-2200
Fax: 305-931-0877

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day to all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

       /s/ Adam D. Horowitz       .

- 8 -

**SERVICE LIST**
**DOE vs. JEFFREY EPSTEIN**
**United States District Court, Southern District of Florida**

Jack Alan Goldberger, Esq.
jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

      /s/ Adam D. Horowitz _